IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Walton, | ) | C/A No. 0:15-2527-BHH-PJG |
|            Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Cecilia Reynolds, | ) | |
|            Respondent. | ) | |

Petitioner Kevin Walton, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 24.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Walton was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 25.) Walton filed a response in opposition to the respondent's motion. (ECF No. 31.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Walton's Petition denied.

## BACKGROUND

Walton was indicted in September 2004 in Florence County for murder and grand larceny (2004-GS-21-1168). (App. at 762-63; ECF No. 23-14 at 264-65.) The State notified Walton of its intent to seek a sentence of life without parole ("LWOP") pursuant to S.C. Code Ann. § 17-25-45.

Page 1 of 20

PJG

Walton was represented by Patrick J. McLaughlin, Esquire,[1] and on April 23, 2007 was tried by a jury and found guilty as charged. (App. at 602, ECF No. 23-14 at 104.) The circuit court sentenced Walton to life imprisonment without the possibility of parole for murder, and five years' imprisonment for grand larceny. (App. at 605-06, ECF No. 23-14 at 107-08.)

Walton timely appealed and continued to be represented by Patrick J. McLaughlin, Esquire,[2] who filed an Anders[3] brief on Walton's behalf that raised the following issues:

1. Did the trial court err as a matter of law in denying Appellant's motion to dismiss for violating Appellant's right to a speedy trial?

2. Did the trial judge err by failing to recuse himself from the trial?

(ECF No. 23-1.) Walton filed a *pro se* response to the Anders brief. (ECF No. 23-2.) On June 1, 2011, the South Carolina Court of Appeals dismissed Walton's appeal. (State v. Walton, Op. No. 2011-UP-255 (S.C. Ct. App. June 1, 2011), ECF No. 23-3.) Walton filed a *pro se* petition for rehearing (ECF No. 23-4), which was denied by order issued August 26, 2011 (ECF No. 23-5). Walton then filed a *pro se* petition for a writ of certiorari (ECF No. 23-6), which was dismissed by

---

[1] Walton was initially represented by Karen E. Parrott, Esquire; however, Walton moved to have her relieved. (App. at 1-21, ECF No. 23-13 at 3-23.)

[2] Walton was initially represented in his appeal by Robert M. Dudek, Esquire, of the South Carolina Commission on Indigent Defense; however, Walton filed grievances against Dudek, and was subsequently appointed new counsel.

[3] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



the South Carolina Supreme Court on September 13, 2011 pursuant to State v. Lyles.[4] (ECF No. 23-7.) The remittitur was issued October 13, 2011. (ECF No. 23-8.)

Walton filed a *pro se* application for post-conviction relief ("PCR") on November 14, 2011 in which he alleged that his attorneys were ineffective and should not have filed an Anders brief. (See Walton v. State of South Carolina, 2011-CP-21-3062; App. at 624-59, ECF No. 23-14 at 126-61.) The PCR court summarized Walton's additional allegations from Walton's attachments to his application as follows:

   1.   Ms. Parrott did not file a speedy trial motion.
   2.   Trial counsel entered evidence and waived the right to final closing.
   3.   Trial counsel should not have filed an Anders brief.
   4.   Trial counsel failed to retain expert witnesses.
   5.   Trial counsel failed to investigate the case.
   6.   Trial counsel was inexperienced.
   7.   Trial counsel did not cross-examine witnesses.
   8.   Judge Russo should have recused himself.

(App. at 747, ECF No. 23-14 at 249.) The State filed a return. (App. at 660-64, ECF No. 23-14 at 162-66.) On October 10, 2013, the PCR court held an evidentiary hearing at which Walton appeared and testified and was represented by J. Rene Josey, Esquire. By order filed December 11, 2013, the PCR court denied and dismissed with prejudice Walton's PCR application. (App. at 745-61, ECF No. 23-14 at 247-63.)

On appeal, Walton was represented by Lara Caudy, Esquire, with the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari that presented the following issues:

---

[4] State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009) (stating that, as of February 19, 2009, the South Carolina Supreme Court "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review").



1.  Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when appellate counsel failed to appeal the trial court's erroneous ruling that Petitioner was not entitled to a directed verdict of acquittal on both the murder and grand larceny charges since the prosecution failed to present substantial circumstantial evidence tending to prove Petitioner's guilt?

2.  Whether the PCR court erred in finding trial counsel was not ineffective for failing to preserve Petitioner's right to last closing argument when Petitioner and trial counsel had agreed before trial not to present any evidence in order to preserve this substantial right and where Petitioner was prejudiced because counsel's error prevented him from being able to fully address and respond to the argument made by the solicitor in his closing and because Petitioner waived his constitutional right to testify in his own defense based on his reliance on trial counsel's strategy to preserve the last closing argument?

(ECF No. 23-9.)  The State filed a return.  (ECF No. 23-10.)  On January 15, 2015, the South Carolina Supreme Court issued an order denying Walton's petition for a writ of certiorari. (ECF No. 23-11.)  The remittitur was issued on February 2, 2015.  (ECF No. 23-12.)  This action followed.

## FEDERAL HABEAS ISSUES

Although Walton's federal Petition for a writ of habeas corpus does not specifically list any issues, the respondent has identified in his return the following possible issues raised by Walton:

1.  Ground One - The Petitioner refers to a rambling series of comments set forth in 22 pages of self-styled attachment Y-1.  Doc. Entry. 6-1, p. 159-180.  A review of the documents essentially sets forth grounds somewhat consistent with his PCR testimony:
    a.  Ms. Parrott did not file a speedy trial motion. []
    b.  Trial counsel entered evidence and waived the right to final closing.
        i.  Petitioner asserts that counsel did not advise him that he had a right to make a closing argument.
    c.  Trial counsel failed to retain expert witnesses.
        i.  Counsel did not call any fingerprint witnesses to challenge the print and its quality and why it took 2 months to get a hit on AFIS if the print was of good quality.  Pages 20-22.
    d.  Trial counsel failed to investigate the case.
        i.  Counsel should have or counsel should have made the State test computer diskettes from victim's house for evidence of innocence.



          ii.       Counsel should have questioned the timeliness of the return of the computer.
          iii.      Petitioner asserts that he gave counsel 9 names of witnesses. Page 12-13.
    e.      Trial counsel was inexperienced.
    f.      Trial counsel did not adequately cross-examine witnesses.
          i.        Counsel caught witness Lutken in a lie.
          ii.       Counsel caught Officer Poston in a lie concerning the time frame of March 28, 2003 until August 19, 2003 as being a "couple of days."
          iii.      Counsel did not challenge the "chain of evidence" of the victim's car keys.
          iv.      Counsel did not retain an expert and challenge the boot impression evidence. See page 8-9.
    g.      Judge Russo should have recused himself and Petitioner called Judge Russo a liar. Page 12, citing TR. p. 14.

II.    Ground TWO – In his petition, her asserts as Ground Two "Yes, see page 12 of Attachment XI. However, [h]e then makes reference to page three of the PCR Order of Dismissal as being his allegations in ground two, citing Attachment A-H p. 3 of 17. Those are essentially set out above.

(Respt.'s Mem. Supp. Summ. J. at 6-7, ECF No. 23 at 6-7.) Walton has not objected to the respondent's summary of his claims.

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of



federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no



reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be



procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

   **1.     Procedural Bar**

The respondent points out that the majority of Walton's possible grounds for relief are procedurally barred from federal habeas review because, although they were raised to and ruled on by the PCR court, they were not raised to the South Carolina Supreme Court in Walton's PCR appeal. Therefore, the respondent argues, and the court agrees, that the majority of Walton's allegations of ineffective assistance of counsel are procedurally defaulted.[5] See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and

---

[5] The only allegations of ineffective assistance of counsel that were both ruled on by the PCR court and presented in Walton's PCR appeal are (1) Walton's allegation that appellate counsel was ineffective in failing to appeal the trial court's denial of Walton's motion for a directed verdict of acquittal on both the murder and grand larceny charges and (2) his allegation that trial counsel was ineffective in failing to failing to preserve Walton's right to the last closing argument.



adequate state procedural rules if Walton attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Because the court finds that any allegation of ineffective assistance of counsel that Walton may be raising in this Petition other than the two presented in his PCR appeal are procedurally defaulted, or barred from federal habeas review, such claims may be considered by a federal court only if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Walton's response in opposition to the respondent's motion for summary judgment provides no arguments or evidence to meet these standards. Rather, Walton's response appears to argue that his PCR counsel erred in failing to file a motion pursuant to Rule 59(e), SCRCP. However, as conceded by the respondent, the PCR court appears to have ruled on the issues that Walton appears to present in the instant Petition.

To the extent that Walton's response could be construed as arguing that PCR appellate counsel was ineffective in failing to raise all of his claims in his PCR appeal, the court finds such an argument availing. Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in



Martinez, the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez v. Ryan, 132 S. Ct. 1309, 1319 (2012). The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. Walton cannot satisfy the limited qualification established by Martinez. PCR appellate counsel's failure to raise the claims cannot constitute cause for the default because the Martinez exception does not extend to PCR appellate counsel. See, e.g., Crowe v. Cartledge, C/A No. 9:13-cv-2391-DCN, 2014 WL 29904903, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, Civil Action No. 1:11-cv-02874-RBH, 2013 WL 1207067, at *3 (D.S.C. Mar. 25, 2013) ("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). The Supreme Court expressly noted that its holding in Martinez "does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 132 S. Ct. at 1320 (emphasis added). Accordingly, Martinez does not aid Walton in excusing his procedural default of the majority of his claims of ineffective assistance of counsel, and therefore, these claims are procedurally barred.

### 2. Merits

As noted above, to the extent that Walton's Petition alleges that appellate counsel was ineffective in failing to appeal the trial court's denial of Walton's motion for a directed verdict of

acquittal on both the murder and grand larceny charges[6] and that trial counsel was ineffective in failing to failing to preserve Walton's right to the last closing argument, these grounds are properly preserved for federal habeas review.

### a.  Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of trial and appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S.

---

[6] The respondent states that it is unclear whether this issue is being raised in this federal habeas Petition, but in light of Walton's adoption of the allegations in the PCR order of dismissal under ground two, the respondent concedes that Walton may be asserting this ground. Therefore, the court, out of abundance of caution, addresses it as well.



356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in denying Walton's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

      **b.**     **Ineffective Assistance of Appellate Counsel**

In claims alleging that appellate counsel was ineffective in failing to raise a specific issue, to satisfy the Strickland test, a petitioner is required to demonstrate "that his counsel was objectively unreasonable in failing to . . . discover nonfrivolous issues and to file a merits brief raising them," and "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief,

he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citation omitted).

In this case, Walton argued during his PCR proceedings that appellate counsel was ineffective in failing to appeal the trial court's denial of Walton's motion for a directed verdict of acquittal on both the murder and grand larceny charges. On appeal from his conviction, appellate counsel filed an Anders brief, asserting the appeal was without legal merit, and briefed two arguable issues pursuant to Anders. (ECF No. 23-1.) The court notes that Walton filed a *pro se* response in which he appears to have raised this issue. (ECF No. 23-2.)

As an initial matter, in addressing this claim, the PCR court found credible counsel's testimony that "he did not believe any non-frivolous issues existed on appeal" and found "not credible, or legally accurate, [Walton's] assertion [] counsel should have briefed the issue of the denial of his directed verdict and new trial motions." (App. at 755, ECF No. 23-14 at 257.) Walton has failed to challenge this finding and therefore has not provided any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.'") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)). The PCR court also reasonably found that counsel "was not deficient because he did not unreasonably fail to discover nonfrivolous issues." See Smith, 528 U.S. at 285. The PCR court continued, reasonably concluding that Walton failed to show that he would have prevailed on appeal had these issues been raised. Id. In support of that determination, the PCR court discussed the applicable law, including the procedure and review required pursuant to Anders. The PCR court reasonably observed that "[t]he Court of Appeal[s] conducted a thorough



review of the record before dismissing the appeal, and would have ordered full briefing if [] counsel failed to brief a meritorious issue." (App. at 756, ECF No. 23-14 at 258); see also Jamison v. State, 765 S.E.2d 123, 128 (S.C. 2014) ("This Court recently held that, '[u]nder the Anders procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit.' ") (citing McHam v. State, 746 S.E.2d 41, 46 (S.C. 2013)). The PCR court reasonably found that counsel's Anders brief addressed the issues he believed were strongest, and based on state law found that Walton "would likely have been unsuccessful in arguing th[at] Judge Russo erred in denying the directed verdict and new trial motions." (App. at 756, ECF No. 23-14 at 258.) The PCR court reasonably found that there was overwhelming evidence of Walton's guilt presented during the trial, further demonstrating Walton's inability to establish the prejudice prong of the Strickland test. Specifically, the PCR court reasonably summarized the evidence as follows:

> Although built on circumstantial evidence, the State's case against Applicant was overwhelming. The victim's daughter and a neighbor testified they saw the victim and Applicant together at the victim's house after 1:00 AM. A forensic investigator determined the victim's time of death to be around 4:30 AM. A forensic pathologist opined the victim died from strangulation by another person. The daughter testified her mother was deceased at 6:00 AM. There was no evidence the house was broken into or that any person besides the victim, the daughter, and Applicant were in the house between 1:00 AM and 6:00 AM.
>     A local police officer spotted the victim's car leaving the area around 5:30 AM. The car was later recovered in Florida, where Applicant has family. The car was abandoned, but police found cigarette butts in the car containing Applicant's DNA. They also found boots in the trunk of the car that were the same brand as the boots Applicant was wearing when arrested. Near where the car was abandoned, police responded to a theft of a Lexus. At that scene of the theft, they found a boot print matching the boots in the victim's abandoned car. They also found the keys to the victim's car at the scene. The stolen Lexus was later found in a parking lot in Virginia with Applicant's fingerprints on it. Applicant was arrested near the location where the Lexus was located.
>     The natural conclusion to be drawn from this evidence is that Applicant was the only person present at the scene of the murder; from which he then fled. The Court can discern nothing trial counsel could have done differently to counter this



evidence. In sum, trial counsel cannot be found ineffective because the evidence overwhelmingly points to Applicant's guilt in this murder.

(App. at 759-60, ECF No. 23-14 at 261-62.)

### c.     Ineffective Assistance of Trial Counsel

To the extent that Walton's Petition includes an allegation that trial counsel was ineffective in failing to failing to preserve Walton's right to the last closing argument, as stated above, this ground is also properly preserved for federal habeas review. During the PCR hearing, Walton and trial counsel offered testimony pertaining to this allegation of error, which the PCR court summarized. Specifically, Walton "testified he had discussions with trial counsel about not entering evidence in an effort to present the last closing argument. He alleged he chose not to testify because he believed it was important to have the last argument." (App. at 748, ECF No. 23-14 at 250.) The PCR court stated that trial counsel's testimony reflecting the following:

> Trial counsel candidly testified he is more experienced now than he was at the time of Applicant's trial. However, he testified he had a good working relationship with Applicant and Applicant was very involved in his defense. Trial counsel conceded he discussed with Applicant the importance of having last argument, and admitted he inadvertently lost the right to last argument when he entered evidence. However, he testified, he had a specific purpose for each item of evidence he entered. He entered a photograph to show the victim lived in a dangerous neighborhood. He entered some forensic reports to show the police did a sloppy investigation. He entered a memo from the Florida prosecutor to show the state of Florida had insufficient evidence to link Applicant to the stolen Lexus. Trial counsel testified he would have advised Applicant to not testify even if they had realized they waived last argument and could present a defense case. Trial counsel recalled discussing Applicant's prior record, and the two agreed the record would be harmful if brought out at trial.

(App. at 751, ECF No. 23-14 at 253.)

On this specific claim, the PCR court also found credible counsel's testimony and Walton's testimony to be not credible, which Walton has similarly failed to challenge and therefore has not provided any information to clearly show that the credibility determination in the PCR court's order



is without support.  See Elmore, 661 F.3d at 850 ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe, 593 F.3d at 378 and Cagle, 520 F.3d at 324).  The PCR court also reasonably found that trial counsel used each of the items of evidence that he introduced "to bolster his arguments that Applicant may not be the murderer or that the police did not do a sufficient investigation." (App. at 754, ECF No. 23-14 at 256.)  The PCR court reasonably concluded that "[b]ecause trial counsel articulated a valid strategic reason for introducing these items, he was not deficient in introducing them in spite of his prior arrangement with Applicant to preserve closing argument." (Id.); see also United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) ("Under the first prong of Strickland, we apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.' "); McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance.") (citing Strickland, 466 U.S. at 689).  Further, the PCR court reasonably found that Walton's "allegation he relied on retaining last argument in making his decision to not testify is not borne out by the record.  Judge Russo gave Applicant the opportunity to take the stand in his own defense, which Applicant declined." (App. at 754, ECF No. 23-14 at 256) (citing App. at 552-53, ECF No. 23-14 at 54-55).  The PCR court also reasonably found that Walton "made the decision not to testify to avoid having his prior record presented to the jury." (Id.)

> Addressing the prejudice prong, the PCR court further reasonably found:
>
> Applicant's defense theory was that he was factually innocent and that the police failed to investigate the case thoroughly.  Trial counsel's closing argument thoroughly addresses these issues by attacking the forensic evidence presented and attempting to create reasonable doubt.  The State's closing argument is largely a summary of the evidence in the case and not devoted in any significant way to



attempting to counter any points raised by trial counsel. The Court finds trial counsel could not have more adequately addressed the issues in this case had he been allowed to argue last. At the PCR hearing, Applicant "voice[d] no complaint whatsoever about the argument [trial counsel] made for him and even now offers no suggestion of things that [trial counsel] should have argued to the jury on his behalf." Therefore, the Court finds, beyond a reasonable doubt, Applicant was not prejudiced by the order of closing arguments.

(App. at 754-55, ECF No. 23-14 at 256-57) (citations omitted and alterations in original).

### d.    Conclusion

Upon thorough review of the parties' briefs, the record in this matter, and the PCR court's order, the court finds the PCR court's analysis to be reasonable and concludes that Walton cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Thus, Walton cannot show "there was no reasonable basis" for the state appellate court to deny relief on either of these allegations of error. Harrington, 562 U.S. at 98. As observed by the Harrington Court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Moreover, Walton has failed to present any argument in support of these grounds for relief.

In light of the foregoing and for all of the reasons discussed by the PCR court, the court concludes that Walton has failed to establish that counsel's actions[7] were error, much less that they were objectively unreasonable such that it rendered his performance deficient. See, e.g., Jones v. Barnes, 463 U.S. 745, 751 (1983) (stating there is no constitutional right to compel appointed

---

[7] The court notes that Walton was represented by the same attorney at trial and on his direct appeal.



appellate counsel to raise nonfrivolous issues requested by the client, if counsel, as a matter of professional judgment, decides not to present those points). Additionally, Walton has failed to demonstrate that he was prejudiced and that, but for counsel's alleged errors, he would have prevailed on appeal or the result of his trial would have been different. See Strickland, 466 U.S. at 694. Accordingly, Walton's arguments fail to demonstrate that any of the PCR court's findings were unreasonable, nor have they shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101. Therefore, Walton cannot demonstrate he is entitled to federal habeas relief on these grounds and the respondent's motion for summary judgment should be granted as to these claims.

### 3.     Other Grounds

With regard to Walton's remaining issues or any additional issues that may be construed from the attachments to Walton's Petition, the court agrees with the respondent that any such claims are vague and lack sufficient specificity. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) ("It is well-settled that 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.' ") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 24) and Walton's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 27, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).